**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

PROXENSE, LLC,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

Civil Action No. 6:23-cv-320

JURY TRIAL REQUESTED

## DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     FACTUAL BACKGROUND ...................................................................................... 2

III.    LEGAL STANDARDS ............................................................................................... 4

IV.     ARGUMENT .............................................................................................................. 4

      A.     The Complaint's Undifferentiated Allegations Regarding Vaguely Defined "Accused Products" Fail To Plausibly Plead Infringement of the Hybrid Device Patents By Any Specific Google Product ............................................................... 4

      B.     The Complaint Also Fails to State a Claim Regarding the Hybrid Device Patents Because It Fails to Address Certain Claim Elements ........................................... 6

V.      CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Ashcroft v. Iqbal*,
    556 U.S. 652 ................................................................................................4, 6, 8

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016) ................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................4, 7, 8

*Bot M8 LLC v. Sony Corporation of America*,
    4 F.4th 1342 (Fed. Cir. 2021) ......................................................................4, 8, 9

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
    2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ...................................................8, 9

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
    2019 WL 2601347 (W.D. Tex. June 25, 2019) .................................................5

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
    605 F. Supp. 3d 905 (W.D. Tex. 2022)...............................................................8

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
    2023 WL 2290291 (W.D. Tex. Feb. 27, 2023)...................................................8

*Ortiz & Associates Consulting, LLC v. Ricoh USA, Inc.*,
    2023 WL 2904583 (W.D. Tex. Apr. 11, 2023)................................................8, 9

*Round Rock Research, LLC v. Oracle Corp.*,
     2011 WL 11761563 (E.D. Tex. Oct. 25, 2011), report and recommendation
    adopted, 2011 WL 5837246 (E.D. Tex. Nov. 21, 2011).........................................5, 6

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    2021 WL 3030066 (N.D. Tex. July 2, 2021) ..........................................................8

*Vervain, LLC v. Micron Tech., Inc.*,
    2022 WL 23469 (W.D. Tex. Jan. 3, 2022) (Albright, J.)..............................................4, 5, 6, 7

I.      INTRODUCTION

Defendant Google LLC ("Google") hereby moves to partially dismiss the Complaint of Plaintiff Proxense, LLC ("Proxense") for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] Specifically, Defendant moves to dismiss Plaintiff's claims relating to U.S. Patent Nos. 8,646,042, 9,679,289, and 10,073,960 (collectively, the "Hybrid Device Patents").  Although these patents are generally directed to the use of devices that include a receiver-decoder circuit ("RDC") and a personal digital key ("PDK"), such that the RDC of one device wirelessly communicates with the PDK of another, Proxense appears to broadly and vaguely accuse "the servers, cloud resources, and software comprising Google's password-less architecture and devices including, supporting and integrating into the architecture, including devices running the Android OS, Chrome OS, and/or Chrome browser," among other things.  Compl. ¶40.  This appears intended to encompass, but is apparently not limited to, Google Identity.  *Id.* ¶46 ("Current and previous versions of Google Identity are non-limiting instances of the Accused Products.").  Nowhere in the Complaint does Proxense allege how it is that these "Accused Products," as it loosely defines that term, infringe the asserted claims of the Hybrid Device Patents, separately or together; indeed, the Complaint does not even address each limitation of each asserted claim.  For example, the '042 patent recites an external PDK within a "proximity zone" of a hybrid device, while the '289 and '960 patents each recite the claimed device communicating with an external device over a "wireless link," which requires the two devices be proximate.  The Complaint, however, includes no allegations regarding how any or all of the broadly defined "Accused Products" meet these claim elements. The Complaint thus fails to state a plausible claim for relief.

---

[1]   The parties stipulated to dismiss Google Payment Corporation from this action.  As such, Google, LLC is now the only defendant.  *See* Dkt. No. 20.

1

## II.     FACTUAL BACKGROUND

Plaintiff filed its Complaint on May 2, 2023, alleging infringement of six patents.  The present motion is directed at Plaintiff's claims regarding three of those patents:  U.S. Patent Nos. 8,646,042 (the "'042 patent"), 9,679,289 (the "'289 patent") 10,073,960 (the "'960 patent") (collectively, the "Hybrid Device Patents").  Compl. ¶¶147–185.  According to the Complaint, the Hybrid Device Patents relate to the use of "personal digital keys" for verifying a user in order to enable applications, functions, or services.  *Id.*, ¶23; *see also* '042 Patent 1:21–27 (Compl. Ex. 4); '289 Patent 1:45–52 (Compl. Ex. 5); '960 Patent 1:51–56 (Compl. Ex. 6).

The Complaint references a variety of Google products without specifying which patents are asserted against which products.  *See* Compl. ¶¶41, 47, 107.  Early on in the Complaint, in a section titled "Accused Products," Proxense states that "the Accused Products include the servers, cloud resources, and software comprising Google's password-less architecture and devices including, supporting and integrating into the architecture, including devices running the Android OS, Chrome OS, and/or Chrome browser."  *Id.* ¶40.  Proxense then alleges that "[t]hree primary components make up the infringing identity architecture."  *Id.* ¶41.  These are: (1) Google Identity; (2) an authenticator; and (3) a "resource" requesting authentication of the user.  *Id.*  But the Complaint then alleges that "[c]urrent and previous versions of Google Identity are ***non-limiting instances*** of the Accused Products," *id.* ¶46 (emphasis added), and that "[a]nother instance of the accused product is Google Wallet (also known as Google Pay)."  *Id.* ¶47.  Proxense then simply alleges that the Hybrid Device Patents are infringed by all of these "accused products," including (but evidently not limited to) "Google's universal platform password-less architecture

2

incorporating the Android OS authenticator, Titan Security Key authenticator, and Google Identity."[2]  *Id.* ¶¶149-50, 162-63, 176-77.

The interplay between the various Accused Products and the role each plays in alleged infringement of the claims is unspecified and unclear.  Specifically, while the "Accused Products" include technology as varied as "servers, cloud resources and software," the Hybrid Device Patents are, as their titles imply, directed to ***devices***—specifically, to devices "within a proximity zone" of an external device ('042 patent, claim 1) or to devices with a "wireless link" to an external device ('289 patent, claim 14; '960 patent, claim 14).  The Complaint makes no effort to explain how the many Accused Products each meet these limitations–limitations which represent geographic limitations on the operation of the claimed devices and methods.  *See* '042 patent, claim 1 ("an integrated RDC for communicating wirelessly with at least one external PDK ***within a proximity zone***"); '289 patent, claim 14 ("creating a first ***wireless link*** between an integrated [RDC] of a hybrid device and an external device"); '960 patent, claim 14 ("creating a first ***wireless link*** between an integrated, wireless communication interface of a device and an external device").  For example, the patents are clear that the claimed "wireless link" refers to two devices on the same wireless network or with a direct wireless communication pathway to one another using any of a variety of known technological means, such as an 802.11 wireless connection.  *E.g.*, '960 patent, col. 3, ll. 38-40 ("The sensor 108 [first device] is coupled to the PDK 102 [second device] by a ***wireless link 106*** and coupled to a network 110 by either a wired or ***wireless link***."), col. 15, ll. 17-21 ("the network 110 can include ***links*** using technologies such as Ethernet, 802.11, 802.16, integrated services digital network (ISDN), digital subscriber line (DSLL), asynchronous transfer

---

[2] According to the Complaint, "current and previous versions of the Android OS and Titan Security Key are non-limiting instances of authenticators integrated into the Accused Products." Compl. ¶43.

3

mode (ATM), etc."). The Complaint, however, contains no allegation regarding how the panoply of Accused Products, or any specific Accused Product, meets either the "proximity" or "wireless link" limitations of the Hybrid Device Patents. Indeed, "proximity" is mentioned only in a discussion of Proxense's own technology (Compl. ¶¶33, 36), and "wireless link" is not included at all. Nor are there claim charts appended to the Complaint to clarify what it is that Proxense is accusing and how the Accused Products map to the asserted claims. The result is a Complaint that is long on words but short on the prerequisites of a patent infringement claim.

## III.   LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To avoid dismissal, the complaint must plead enough facts to state a claim for relief that is plausible on its face, *Twombly*, 550 U.S. at 570, and the factual allegations must be enough to raise a right to relief above the level of speculation, *Iqbal*, 556 U.S. at 678.

## IV.   ARGUMENT

### A.   The Complaint's Undifferentiated Allegations Regarding Vaguely Defined "Accused Products" Fail To Plausibly Plead Infringement of the Hybrid Device Patents By Any Specific Google Product

The level of detail a plaintiff must plead to state a claim for patent infringement "depends on multiple factors, not limited to 'the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.'" *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (Albright, J.) (quoting *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021)).

4

The Complaint here, however, is impenetrably vague regarding the nature of Proxense's infringement allegations.  Proxense discusses a number of highly technical features of a variety of Google products, apparently relying on its dense recitation of technical details to disguise a lack of any plausible infringement theory as to the Hybrid Device Patents.  In various sections of the Complaint, Proxense accuses: "the servers, cloud resources, and software comprising Google's password-less architecture and devices … including devices running the Android OS, Chrome OS, and/or Chrome browser" (*id.* ¶40); "current and previous versions of the Android OS and Titan Security Key" (*id.* ¶43); "[c]urrent and previous versions of Google Identity" (*id.* ¶46); and "[c]urrent and previous versions of Google Pay, and Google devices such as the Pixel that use Google Pay" (*id.* ¶47).  But throughout, Proxense makes no effort to tie features from any of these disparate products to each limitation of the asserted claims.  It is thus unclear throughout what ***specific*** Google product allegedly infringes any asserted claim of the Hybrid Device Patents, or how.

The Complaint therefore fails to address one of the fundamental requirements of the pleading standard:  identification of "the nature of the allegedly infringing device." *Vervain*, 2022 WL 23469, at *2.  It is wholly unclear for any one of the various Google products mentioned in the Complaint how that product meets each of the limitations of the asserted claims, and the Complaint, therefore, fails to "state a viable direct infringement claim." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019) ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims."); *see also Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ("[I]t is difficult to imagine how an action for

5

infringement could be brought without a tentative but nonetheless coherent theory of which claims are allegedly infringed and ***how the accused products practice***—or, because Rule 11(b)(3) permits pleading on information and belief, may practice—***each of those claims' elements***.") (emphasis added);  *Round Rock Research, LLC v. Oracle Corp.*, 2011 WL 11761563, at \*3 (E.D. Tex. Oct. 25, 2011), *report and recommendation adopted*, 2011 WL 5837246 (E.D. Tex. Nov. 21, 2011) ("Plaintiff's inclusion of the language 'including, but not limited to,' fails to inform Defendants of other products that might be accused of infringement.").

**B.    The Complaint Also Fails to State a Claim Regarding the Hybrid Device Patents Because It Fails to Address Certain Claim Elements**

Even if the Complaint were clear about which of the many Google products referenced in the Complaint are accused of infringing the Hybrid Device Patents, Plaintiff's claims regarding those patents would still warrant dismissal because Plaintiff does not allege any facts to support a claim that the Accused Products meet the "proximity" and "wireless link" limitations.  *See Iqbal*, 556 U.S. at 678.  This Court has made clear that while an "element-by-element" analysis is not required for a complaint to survive a motion to dismiss, the complaint nevertheless must support "its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet ***every claim limitation.***"  *Vervain*, 2022 WL 23469, at \*2 (emphasis added).  Here, Proxense fails to address, or indeed even mention, certain limitations of the claims.

According to the Complaint, the asserted claims of the Hybrid Device Patents are:  claim 1 of the '042 patent, and claims 14 and 16 of the '289 and '960 patents.  Compl. ¶¶150, 163, 177. As discussed above, each of those claims contains a limitation relating to the claimed device's proximity to, or wireless link with, an external device.  *See* '042 patent, claim 1 ("an integrated RDC for communicating wirelessly with at least one external PDK ***within a proximity zone***"); '289 patent, claim 14 ("creating a first ***wireless link*** between an integrated [RDC] of a hybrid

device and an external device"); '960 patent, claim 14 ("creating a first **wireless link** between an

integrated, wireless communication interface of a device and an external device")).  But Proxense

does not include any pleadings related to the '042 patent's "proximity zone" limitation or the '289

and '960 patents' "wireless link" limitation.  For example, while the Complaint devotes nearly

twenty pages to describing how Google Identity allegedly works, it does not contain a single

allegation that Google Identity requires any kind of proximity to, or wireless link with, an external

device such that it could plausibly infringe the Hybrid Device Patents.[3]  Indeed, there are no

allegations from which Proxense's infringement theory relating to this aspect of the claims can be

even loosely inferred—the phrases "proximity" and "wireless link" are absent from the

infringement allegations, and the "external device" recited in the claims is never identified.  With

no well-pled factual allegations directed to these claim limitations, Proxense's claims rest on the

threadbare recitations of direct and indirect infringement in the counts of infringement with which

Proxense concludes the Complaint.  Compl. ¶¶147-185.  This is not enough to survive a motion to

dismiss.  *Twombly*, 550 U.S. at 570 ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."); *see also Vervain,* 2022 WL 23469

("[T]he complaint must support its entitlement to relief with 'factual content,' not just conclusory

allegations that the accused product(s) meet every claim limitation.").

Further, because infringement requires every claim limitation be found in the accused

product, failure to adequately plead any claim limitation is grounds for dismissal.  As the Federal

---

[3]     To be sure, there are wireless communications mechanisms such as NFC and BLE
referenced in the Complaint.  For example, paragraph 77 of the Complaint alleges the Titan
Passkey, as well as "the passkey functionality of the Android OS," communicates over Bluetooth.
But it is unclear whether Proxense is pointing to this functionality for the "proximity zone" or
"wireless link" claim elements, or whether (or how) these allegations are relevant to the broader
array of "Accused Products" against which the Hybrid Device Patents are asserted.

Circuit recognized, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353 (Fed. Cir. 2021). Here, however, Proxense has failed to address all of the limitations of the asserted claims in each of the Hybrid Device Patents, and this is fatal to the sufficiency of the Complaint. *See Ortiz & Associates Consulting, LLC v. Ricoh USA, Inc.,* 2023 WL 2904583, \*4 (W.D. Tex. Apr. 11, 2023) (finding that plaintiff had "fail[ed] to plausibly plead any cause of action" where it "fail[ed] to identify an essential element in the claim chart"); *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 917 (W.D. Tex. 2022) (dismissal is warranted where allegation of infringement is "threadbare at best"); *see also Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2021 WL 3030066, at \*4 (N.D. Tex. July 2, 2021) ("[A] court should dismiss a patent-infringement claim where the plaintiff merely recites that the defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation.").

*Ortiz* is squarely on point. There, this Court found that the complaint "lack[ed] any explanation of the existence of a server despite the claim requiring 'memory in said server accessible by said [data rendering device].'" 2023 WL 2904583, \*4. The Court explained: "[w]ithout so much as identifying the existence of a server, Ortiz fails to plausibly suggest that the accused product meets each limitation of the asserted claim." *Id.* at \*4. Nor is *Ortiz* an isolated decision. *See also, e.g.*, *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291, at \*3 (W.D. Tex. Feb. 27, 2023) (cleaned up) ("An element-by-element pleading of fact for each asserted patent claim is not required but [t]o state a viable direct infringement claim, a plaintiff

must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims."); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 2022 WL 118955, at *1 (W.D. Tex. Jan. 12, 2022) ("To allege direct infringement, the complaint must allege facts sufficient to create a plausible inference that each element of the claim is infringed by the accused products.").

While Proxense's Complaint has pages of background, its allegations here ultimately are similar to those found deficient in *Ortiz*. *See also Bot M8*, 4 F.4th at 1354 ("[I]t is the *quality* of the allegations, not the *quantity*, that matters.")  Specifically, Proxense does not even attempt to allege that the proximity limitation is satisfied (indeed, the word proximity does not appear anywhere in Proxense's infringement allegations[4]), nor does it try to explain how the "Accused Products" meet the wireless link limitation (similarly, the claim phrase "wireless link" is found nowhere in the Complaint).  As noted above, Proxense's vague Complaint identifies various disparate products developed by Google, including Google Identity, Google Pay, and the Titan Security Key, without clearly accusing any single product of infringing the claims.  To the extent Proxense tries to point to allegations that mention Bluetooth wireless communication to satisfy its pleading burden (*see* supra n.3), that is no answer, because these allegations do not explain how each of the Accused Products, such as Google Identity or "servers, cloud resources, and software comprising Google's password-less architecture," would use Bluetooth to communicate with an external device.  Its pleadings are thus entirely insufficient to describe how a given Accused Product embodies each element of each asserted claim of the Hybrid Device Patents.

For this additional reason, Plaintiff's Complaint should be dismissed with respect to the '042 ,'289, and '960 patents for failure to state a claim upon which relief can be granted.

---

[4]   The Complaint only references "proximity" in its discussion of Proxense and *Proxense's* allegedly innovative technologies.  *See* Compl. ¶¶33, 36.

## V.        CONCLUSION

For the foregoing reasons, Defendant respectfully submits that Plaintiff's claims related to the '042,'289, and '960 patents should be dismissed for failure to state a claim for which relief can be granted.

| Dated:  July 10, 2023 | Respectfully Submitted, |
|---|---|
| | _/s/ G. Blake Thompson_ |
| | **G. Blake Thompson** |
| | State Bar No. 24042033 |
| | Blake@TheMannFirm.com |
| | **J. Mark Mann** |
| | State Bar No. 12926150 |
| | Mark@TheMannFirm.com |
| | **MANN \| TINDEL \| THOMPSON** |
| | 112 E. Line Street, Suite 304 |
| | Tyler, Texas 75702 |
| | (903) 657-8540 |
| | (903) 657-6003 (fax) |
| | |
| | Sean Pak (_pro hac vice application forthcoming_) |
| | Iman Lordgooei (_pro hac vice application pending_) |
| | seanpak@quinnemanuel.com |
| | imanlordgooei@quinnemanuel.com |
| | Quinn Emanuel Urquhart & Sullivan, LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Kevin Hardy |
| | kevinhardy@quinnemanuel.com |
| | Quinn Emanuel Urquhart & Sullivan, LLP |
| | 1300 I Street, NW, Suite 900 |
| | Washington, D.C. 20005 |
| | Telephone: (202) 538-8000 |
| | Facsimile: (202) 538-8100 |
| | |
| | John McKee (_pro hac vice application pending)_ |
| | johnmckee@quinnemanuel.com |
| | Quinn Emanuel Urquhart & Sullivan LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | _Counsel for Defendant_ |

11

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 10th day of July, 2023.

*/s/ G. Blake Thompson*
**G. Blake Thompson**