IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Civil Action No. 6:23-cv-320<br><br>JURY TRIAL REQUESTED |

**REPLY OF DEFENDANT GOOGLE LLC**
**IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Proxense's opposition demonstrates a misunderstanding of the law governing sufficiency of pleadings. In *Bot M8*, the case relied on by Proxense, the Federal Circuit "denounced a 'blanket element-by-element pleading standard for patent infringement,'" but held that factual allegations in a complaint can still be insufficient to show that the plaintiff has a plausible claim for relief depending on several factors, including "the materiality of any given element to practicing the asserted claim(s)." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021)). This Court determined that "a higher level of detail in pleading infringement may—depending on the complexity of the technology—be demanded for elements clearly 'material' to novelty and non-obviousness." *Id.* at *5. Thus, "[i]n cases involving complex technology, a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice." *Id.* This case is no different from *Vervain*. The accused technology is extremely complex, as even a cursory review of the 30-page recitation of facts in Proxense's Complaint or the convoluted multi-page "Background" section in Proxense's opposition reveals. And the proximity and wireless link limitations of the claims of the Hybrid Device Patents are certainly material, because they dictate what the claimed hybrid device must be able to do.[1] Indeed, Proxense does not dispute the materiality of these limitations, only that they are sufficiently pled.

Proxense ignores *Vervain* and the other post-*Bot M8* law provided in Google's motion, arguing that *Bot M8* resolves the issue in its favor. Opp. at 1 (claiming that Google's motion "seeks to impose [a] heightened standard."). But that is not the only issue with Proxense's

---

[1] Google's motion concerns three of the six asserted patents—U.S. Patent Nos. 8,646,042 (the "'042 patent"), 9,679,289 (the "'289 patent") and 10,073,960 (the "'960 patent") (collectively, the "Hybrid Device Patents").

opposition. Proxense also misstates the clear import of *Bot M8*, which unequivocally states that "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. These allegations must be more than conclusory for "every claim limitation." *Vervain*, 2022 WL 23469, at *2. Here, there simply are no factual allegations supporting these limitations, nor does Proxense identify any clearly articulated pleading, attempting instead to hodgepodge together random unconnected sentences from throughout its Complaint. *See generally* Opp. The law requires more.

I. **PROXENSE HAS WAIVED ANY ARGUMENT THAT "PROXIMITY" IS SUFFICIENTLY PLED**

Proxense claims it did not intend to assert a "proximity" claim (claim 1) but instead intended to assert another "wireless link" claim (claim 10) from the '042 patent. Opp. at 6 n.2. Other than claiming it made an error, Proxense does not dispute that the "proximity" limitation is not sufficiently pled in the Complaint. Proxense has therefore conceded Google's motion should be granted for the '042 patent, because claim 1 is the only claim asserted in the Complaint. *See U.S. v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that a failure to adequately brief an argument results in waiver); *Abraham v. Greater Birmingham Humane Soc. Inc.*, No 2:11-CV-4358-SLB, 2013 WL 1346534, at *4 (N.D. Ala. Mar. 28, 2013) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."); *In re Online DVD Rental Antitrust Litig.*, M 09-2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument"). Google's motion should therefore be granted with respect to the '042 patent.

## II. PROXENSE DOES NOT DISPUTE THAT THE COMPLAINT DOES NOT IDENTIFY HOW SPECIFIC GOOGLE PRODUCTS MEET THE CLAIMS

The first problem identified in Google's motion with respect to Proxense's allegations for the Hybrid Device Patents is Proxense's failure to explain which Google products infringe each asserted patent claim, with some articulation of how Google allegedly infringes. As this Court explained in *Vervain*, one of the fundamental requirements for an adequate pleading is an identification of "the nature of the allegedly infringing device." *Vervain*, 2022 WL 23469, at *2. Proxense's Complaint makes no such identification, and its Opposition provides no more clarity than its Complaint.

Instead of confronting the issue head on, Proxense simply repeats the vague allegations from the Complaint, asserting that the "infringing technology" is "Google's universal platform password-less architecture." Opp. at 2. Pressed to explain what that means, Proxense resorts to the same assortment of allegations it included in its Complaint, mentioning a variety of distinct Google products that allegedly "make up" or "utilize[]" the infringing "architecture." *See id.* (discussing "Google Identity Services"), *id.* (discussing "Google Authenticator"), 3 (discussing "Gmail, Google Drive, Google Pay and other services and products offered by Google"), 5 (again discussing "Google's universal platform password-less architecture"), 6 (discussing "the Android SafetyNet Authenticator"). It remains unclear whether all of these various Google products are alleged to infringe the Hybrid Device Patents, or whether none of them are and Proxense's infringement claim is limited to a specific accused "architecture." The law is clear that this level of undifferentiated allegation is insufficient to "state a viable direct infringement claim." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019) ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted

3

claim or claims."); *see also Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ("[I]t is difficult to imagine how an action for infringement could be brought without a tentative but nonetheless coherent theory of which claims are allegedly infringed and ***how the accused products practice***—or, because Rule 11(b)(3) permits pleading on information and belief, may practice—***each of those claims' elements***.") (emphasis added).  Proxense's identification of accused products is legally deficient.

### III. PROXENSE'S OPPOSITION UNDERSCORES THE INADEQUACY OF ITS PLEADING FOR THE "WIRELESS LINK" LIMITATIONS

Rather than identify where in the Complaint Proxense mapped *any* feature of *any* Google product to the "wireless link" limitations of the claims, Proxense instead tries to use its Opposition to connect-the-dots, in a way the Complaint unambiguously does not do.  *See* Opp. at 5-7.

First, Proxense alleges the Complaint pleads a "wireless link" because it references an "external authenticator, such as a phone running the Android operating system (OS)."  Opp. at 5 (citing Compl. ¶¶ 52-54).  But these portions of the Complaint do not plead a wireless link.  Indeed, as the figure included in the Complaint shows, the phone (blue) and the computer (green), ***are not wirelessly linked***.  Instead, they both communicate with a separate, external, "Authentication Authority" (red):



Thus, whatever these allegations demonstrate, it is not a "wireless link" between a computer and an external authenticator on an Android phone. *See* Compl. ¶¶ 52-54. Accordingly, these allegations do not meet the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 652, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Proxense next alleges the Complaint pleads a "wireless link" because it references "that Android devices include the Android SafetyNet Authenticator, which is certified by a group called the Fast Identity Online (FIDO) Alliance." Opp. at 6 (citing Compl. ¶¶ 65-66). These allegations fare no better than the "external authenticator" allegations recited above. Here, Proxense does not even allege that any wireless communication standard is used, let alone plead the existence of any wireless link. *See* Compl. ¶¶ 65-66. Instead, Proxense alleges only: (1) "Android phones include the Android SafetyNet Authenticator, which is FIDO certified" (*id.* ¶ 65); (2) "SafetyNet provides a set of services and APIs to protect against fake users and is present on Google-approved Android devices" (*id.*); (3) "The SafetyNet Authenticator is accessed via a FIDO client that uses the FIDO2 API for Android" (*id.* ¶ 66); (4) "Using these APIs, the SafetyNet Authenticator can be located. In operation, the SafetyNet Authenticator utilizes the native capacities of the Android OS to provide a secure authenticator" (*id.*); and (5) "The Android OS runs on all Android phones (such as the

5

Pixel), and thus provides such devices with the necessary capabilities for passwordless FIDO Passkey authentication via Google Identity Service" (*id.*). None of these allegations relate in any way to wireless communications, and thus cannot satisfy Proxense's pleading burden. *See Vervain*, 2022 WL 23469, at *2.

Next, Proxense points to a diagram showing that an "external authenticator" can be used, and noting that the diagram shows symbols for WiFi and Bluetooth. *See* Opp. at 7. This diagram, alone, pleads nothing. And while Proxense circles the WiFi and Bluetooth logos in its Opposition, there is no such annotation in the Complaint. *Compare id. with* Compl. ¶ 52. Thus, the Complaint's allegations regarding this figure at most would allow Google to guess regarding what is, or isn't, accused, and how if at all the external authenticator relates to Proxense's infringement allegations. It does nothing to put Google on notice of Proxense's infringement allegations, and therefore cannot suffice to satisfy the pleading standard. *See Vervain*, 2022 WL 23469, at *2.

Lastly, Proxense points to paragraphs 66 and 77 of the Complaint, which it argues contain specific allegations regarding the use of Bluetooth and NFC. *See* Opp. at 7. But while Proxense's Opposition argues that Bluetooth and NFC are "wireless links" (*see id.*), that allegation is found nowhere in the Complaint—certainly not in the cited paragraphs. Paragraph 66 is addressed above, and contains no allegations regarding the use of any wireless communications protocols. Instead, the portions cited by Proxense are a citation to an exhibit to the Complaint with no corresponding pleading. Proxense has not done the work to tie these factual citations to any claim limitation. Furthermore, paragraph 77 merely states that when "passkey functionality" is used, a signed challenge can be transferred "back [to] the user computer over bluetooth." Compl. ¶ 77. Again, however, a mere recitation of facts without any explanation of how they relate to the claim

6

language is not a pleading sufficient to overcome a motion to dismiss. Nor is there any allegation in the Complaint that this constitutes a wireless link.

*Bot M8*, cited by Proxense for this point, illustrates the flaw in Proxense's position. In that case, the plaintiff had "***expressly allege[d]***" that "the fault inspection program completes before the game is started" four times in the complaint. *Bot M8*, 4 F.4th at 1355. When the defendants argued that this allegation was conclusory because it too closely tracked the claim language, the court explained that the various error messages identified in the complaint, including one that stated "required information to start the application cannot be found" allowed a reasonable inference that the claim limitation in question was satisfied. *Id.* at 1356 (emphasis added). Here, there are no allegations regarding the wireless link, express or otherwise. The Complaint does not plead which components comprise the wireless link, or how. Indeed, the phrase "wireless link" is entirely absent from the Complaint.

Instead, this case is far closer to the numerous decisions from this Court where a plaintiff failed to allege infringement of an essential element of the asserted patent(s) with sufficient specificity. *See, e.g. Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, 2023 WL 2904583, *4 (W.D. Tex. Apr. 11, 2023) (finding that plaintiff had "fail[ed] to plausibly plead any cause of action" where it "fail[ed] to identify an essential element in the claim chart"); *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (granting a motion to dismiss when "the complaint d[id] not identify what device within Defendants' AWS storage gateway comprises the corresponding limitation").

Proxense's other caselaw is similarly inapposite. In *Repairify, Inc. v. Keystone Automotive Indus., Inc.*, the plaintiff had not only identified what the accused product was but also "provide[d] images of the interior of the accused device and images and descriptions of [Plaintiff's] available

7

products and services taken from [Plaintiff's] Remote Services Webpage, identifying where certain features of the Asserted Claims are found in the accused product and service." 610 F. Supp. 3d 897, 903 (W.D. Tex. 2022).  Proxense, in contrast, cannot credibly argue that it "identif[ied] where" the wireless link feature "of the Asserted Claims [is] found in the accused product[s]." *See id.*  And unlike the Complaint in this case, in *Competitive Access Sys., Inc. v. Oracle Corp.*, the plaintiff had included claim charts with its complaint identifying what the accused products were. 2023 WL 3910262, at *4 (W.D. Tex. June 7, 2023).  Thus, the court found that the Complaint "place[d] the alleged infringer 'on notice of what activity … is being accused of infringement.'" *Id.* (quoting *Bot M8*, 4 F.4th at 1352 (citation omitted)).  Here, as discussed in Section II, *supra*, even the identification of accused products is unclear from the Complaint.  Accordingly, both *Repairify* and *Competitive Access* are readily distinguishable.

In sum, the Complaint is entirely insufficient to describe how a given "accused product" embodies each element of each asserted claim of the Hybrid Device Patents, as required by law. *See Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2021 WL 3030066, at *4 (N.D. Tex. July 2, 2021) (a complaint should be dismissed where it fails to "**allege how the identified parts meet the text of the limitation**.").

## IV.   THE OTHER PATENTS-IN-SUIT ARE IRRELEVANT

Proxense suggests that because Google moved to dismiss only the Hybrid Device Patents that Google's argument against those patents is somehow inherently weaker.  Opp. at 8 ("Google's claim that there are insufficient factual allegations to support the asserted claims of the Hybrid Device Patents are not credible given that it did not move to dismiss three of the six asserted patents in this case: the 730, 954, and 905 Patents").  This is legally baseless and nonsensical at best.  If anything, Google directing its Motion at some patents but not others suggests that the arguments it ***did*** raise are stronger than arguments it could have raised for other patents, but didn't.

8

As explained in Google's Motion, Proxense's claims regarding the Hybrid Device Patents are uniquely vague when compared to its claims regarding the other patents. Thus, for the Hybrid Device Patents, Proxense has uniquely failed to provide "notice of what activity ... is being accused of infringement" and its allegations should be dismissed. *Competitive Access Sys.*, 2023 WL 3910262, at *1 (citing *Bot M8*, F.4th at 1352).

Proxense's suggestion that the presence of the term "wirelessly" in the non-Hybrid Device Patents somehow undermines Google's argument is also unavailing. *See* Opp. at 8. Proxense does not even attempt to explain how "wirelessly sending one or more codes" in the other three asserted patents is synonymous with the "wireless link" limitations in the Hybrid Device Patents, which are part of a different patent family. This "allegation without explanation" is "threadbare at best." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 917 (W.D. Tex. 2022).

## V.     ANY LEAVE TO AMEND SHOULD NOT DEPEND ON FACT DISCOVERY

If the Court agrees Proxense's current Complaint is deficient but grants Proxense leave to amend to attempt to cure the deficiencies, that amendment should be filed within 14 days of the Court's decision on Google's motion. There is no basis for Proxense's request to rely on a deficient complaint that does not state a claim, with the ability to amend "through fact discovery." Opp. at 9. Proxense must plead a plausible claim for relief in order to proceed to fact discovery; it cannot skip the requirements of Fed. R. Civ. P. 8 in the hopes that later discovery will reveal a claim.

## VI.    CONCLUSION

For the reasons stated above and in Google's opening brief in support of its Partial Motion to Dismiss for Failure to State a Claim, Defendant respectfully submits that Plaintiff's claims related to the '042, '289, and '960 patents should be dismissed for failure to state a claim for which relief can be granted.

Dated:  August 10, 2023              Respectfully Submitted,

    */s/ G. Blake Thompson*
**G. Blake Thompson**
State Bar No. 24042033
Blake@TheMannFirm.com
**J. Mark Mann**
State Bar No. 12926150
Mark@TheMannFirm.com
**MANN | TINDEL | THOMPSON**
112 E. Line Street, Suite 304
Tyler, Texas 75702
(903) 657-8540
(903) 657-6003 (fax)

Sean Pak (*pro hac vice forthcoming*)
Iman Lordgooei (*admitted pro hac vice*)
seanpak@quinnemanuel.com
imanlordgooei@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin Hardy
kevinhardy@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

John McKee (*admitted pro hac vice*)
johnmckee@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 10th day of August, 2023.

                                                            */s/ G. Blake Thompson*
                                                         **G. Blake Thompson**