UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROXENSE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 6:23-cv-320<br><br>JURY TRIAL REQUESTED |

### ORDER REGARDING VENUE-RELATED DISCOVERY DISPUTE

On October 24, 2023 Plaintiff Proxense, LLC ("Proxense") presented to the Court with two venue-related discovery disputes with Defendant Google LLC ("Google"). The parties' positions, requested relief, and the Court's orders are as follows:

### Issue 1:

**Plaintiff's Position:** The Accused Patents cover systems and methods for users to safely store biometric data or personal digital keys to passwordlessly authenticate access to apps, functions, or services. Proxense accuses Google's Universal Passwordless Sign-In Architecture ("UPA"), "includ[ing] the servers, cloud resources, and software comprising" that architecture, of infringement. *See* Compl. ¶ 40. The UPA is a feature Google offers with all its cloud services.

The ability for a user to log into any Google cloud service is enabled by technology that infringes the Accused Patents. Google continues to insist that Proxense alleges infringement by only Google Identity or Google Pay, but that is a mischaracterization of Proxense's allegations in the Complaint, Plaintiff's preliminary infringement contentions. Google's technology permitting the biometric authentication that infringes the Accused Patents sits at the gate of every one of Google's cloud services. As Google has publicly noted: "All Google services, including Google

1

Cloud, Google Marketing Platform, and Google Ads, rely on Google Sign-In to authenticate users." *See* https://cloud.google.com/architecture/id entity/overview-google-authentication.

Google claims that it has "identified at most two employees in Texas . . . who may have relevant information," Dtk. 29 at 9, and continues to claim that although Google has an Austin office, "none of those employees" other than the two Google identified "are located in WDTX." Ex. A at 6.

Although Google puts into dispute the location of relevant employees, it refuses to produce documents sufficient for Proxense to verify Google's claims. This is improper: "[b]y bringing a motion to transfer supported by a declaration on the location of relevant employees, Defendant has raised a factual issue that Plaintiff may seek discovery on. This includes the names of all relevant employees and how their job relates to the asserted patents in this case." *Greenthread, LLC v. Intel Corp.*, 2022 WL 4001974, at *6 (W.D. Tex. Aug. 31, 2022). Indeed, this Court recently ruled that a Google employee's "testimony before this Court was marked with inconsistencies and highlights the clear inability of Google and its counsel to investigate Google's own employees." *Rafqa Star, LLC v. Google LLC*, No. 22-cv-01207- ADA, Dkt. 90 at 8 (W.D. Tex. Sept. 15, 2023). The Court should permit Proxense to investigate Google's representations.

Google has only produced cherry-picked "managerial reports" for a few teams *Google unilaterally selected*. These reports do not provide visibility into the marketing, support, or development of these products, or the full scope of Google's UPA. Exs. B, C, D. For instance, Proxense's infringement contentions note how the "Google Cloud . . . [which provides users the] benefits of not having to maintain an authentication server . . . to sign on users," and "Google Accounts . . . . [which provide users the] benefit of biometric passwordless authentication of and

via a mobile device) perform the claimed method." Proxense thus requested "managerial reports" for the full Google teams relevant to the UPA, but Google refused.

Proxense also identified to Google nine individuals who reside in Texas and who, from their public statements, are more likely than not to be heavily involved in the development, sales, documentation, or ongoing support of the accused functionality within the accused products. Google's response is to simply say "trust us." Ex. A at 12.

To alleviate any perceived burden, Proxense alternatively proposed that Google produce documents identifying the names, locations, and teams of all Google employees working in Texas— information Google has never claimed that it cannot provide. Google's citation to *Monterey* is inapposite because the defendant had "provided significant discovery relevant to the relative convenience of party witnesses." There has been no production regarding "relative convenience" here, and Google has even refused to produce a 30(b)(6) witness on the topic of its employees in Texas. Ex E (topic 4).

**Relief Requested:** Google shall produce: (1) "managerial reports" sufficient to identify the names/locations of all employees who have worked on the development, marketing, or support for the accused feature as implemented in all Google Cloud services including Google Identity, Google for Organizations, Google for Consumers, Google Workspaces, Google Wallet, Google Marketing Platform, and Google Ads; OR (2) documents sufficient to show the title and responsibilities of all employees located in Texas.

**Defendant's Position**: Proxense's discovery motion fails at least because Google *already has provided* information (documents, declarations, and interrogatory responses) for the personnel involved in the development and marketing of the accused functionalities—i.e., "the title and responsibilities" of all *relevant* employees, and documents sufficient to support that information.

Proxense's infringement contentions accuse only two functionalities: the tap-to-pay functionality found in the Google Pay and Wallet apps (Ex. G) and a cryptographic functionality called "passkeys" found in the Google Identity software (Ex. H). Google submitted declarations from engineers who can speak to the locations and responsibilities of the Google employees related to the development of these functionalities.

Proxense nevertheless claims Google's already- produced discovery is deficient, because it does not cover all of "Google's Universal Passwordless Architecture" ("UPA"). This is simply not true: ***Proxense's contentions define UPA by reference to Google Identity passkeys.*** Ex. H at 1 (citing https://developers.google.com/identity/passkeys when defining UPA). Mr. Bhattacharya's declarations indisputably address where development work related to that functionality is performed.

The crux of Proxense's argument is that the "UPA" is utilized by "[a]ll Google services." Whether or not that is actually true, to the extent a Google product or service utilizes the "UPA," as Proxense defined that term, ***Google has identified the individuals involved in developing and marketing that functionality***. Proxense's bald speculation that there must be some other employees doing "UPA"-related development or marketing work is simply wrong. And even if there were, the presence of users of an accused product in WDTX is no basis for denying transfer. *Uniloc 2017 LLC v. Blackboard Inc.*, No. A-17-CV-0753-LY, 2020 WL 4578702, at *5 (W.D. Tex. May 15, 2020) (granting motion to transfer despite a globally-sold product having customers in WDTX).

Proxense's second request—that Google should produce information regarding "***all employees located in Texas***," irrespective of whether they have any connection to the products accused of infringement in this case—is grossly overbroad. *Monterey Rsch., LLC v. Advanced*

4

*Micro Devices, Inc*., No. 6:21-CV-00839- ADA, 2022 WL 770120, at *2 (W.D. Tex. Mar. 11, 2022) (denying venue discovery into "the names and job functions of all Austin employees"). Proxense claims *Monterey* is inapposite, but ignores the facts here. Google identified the names, titles, and locations of **more than 200** Google employees, including key individuals Mr. Bhattacharya and Mr. Gwinn named in their respective declarations as being involved in the development of the accused functionalities. *See* Exs. B-D. Moreover, Proxense is simply wrong that Google "refused to produce a 30(b)(6) witness on the topic of its employees in Texas." Google offered to meet and confer on that topic (Ex. I) and has agreed to produce two 30(b)(6) witnesses to testify regarding the accused functionality, in Texas or otherwise.

Moreover, Google investigated the "nine individuals" Proxense identified as residing in Texas. For the seven current employees, Google confirmed directly that they did not have responsibilities relevant to this case. Google was unable to find any record of Philip Allen, but his LinkedIn indicates he is in IT. And while Zaid Odufuye recently left Google, his responsibilities do not appear to relate to the accused functionalities. Google will supplement its interrogatory responses to describe the job responsibilities of the seven individuals at Google identified by Proxense, and will further supplement if any other relevant individuals are identified.

**Relief Requested:** Proxense's relief should be denied.

## Issue 2

**Plaintiff's Position:** It cannot be disputed that Google's "business ties" to this district are relevant to the Court's venue determination. *See Greenthread*, 2022 WL 4001974, at *5 (holding that "disputed facts about Intel's business ties to Dell in Austin, Texas . . . may give rise to a local interest" and overruling relevance objection).

5

Contrary to its original position in response to Proxense's RFPs, Google now acknowledges that its agreements with customers for use of the accused technology (UPA) are relevant. Ex. A at 2; Ex. F. For instance, every time a developer enables the "Sign-In with Google" function; Google forms an agreement enabling the infringing UPA. Proxense is entitled to discovery on the magnitude of Google's relationships with businesses in the W.D. Tex., especially since Proxense alleges that Google "sells access to Google Identity to developers, websites, and corporate clients through various subscriptions." Compl. at ¶ 42.

Such information is relevant not only to understanding the scope of Google's business ties in the W.D. Tex. with respect to the accused technology, but to also understand how Google continues to develop, distribute, and market the infringing technology in this district.

Google mischaracterizes Proxense's requests. Proxense is not requesting *every* contract Google has with businesses in the W.D. Tex.; but Google certainly has information on which developers enable the "Sign-In with Google" feature and which customers have purchased its Identity Platform. Thus far, Google has not produced *any* documents sufficient to identify any of that information, warranting the Court's intervention.

Moreover, to limit burden, Proxense has attempted to limit its request to Google producing just its CRM database entries for Google's Texas-based clients—which Google can generate with a single click from its CRM database. CRM information about Google's relationships in Texas would provide detail on which entities Google contracts with related to the implementation of the UPA as well as the Google employees who own and service those accounts.

Google has not produced documents even in response to this limited request.

**Relief Requested:** Google shall produce a list of the third parties to whom Google has sold or licensed its Google Identity Platform AND either: (1) a list of customers or developers who have enabled the "Sign-In with Google" feature; OR (2) its CRM database entries (with full fields) for Google's Texas clients.

**Defendant's Position:** As an initial matter, Proxense's dispute introduces a term, "Google Identity Platform," not found in its discovery requests. Because this term is not used in Proxense's discovery requests, Google is under no obligation to search for information related to it. To the extent this is a reference to Google Cloud Identity Platform, based on Google's investigation to date that software does not use the accused passkey functionality.

Next, while Google believes it is not relevant to venue, as a show of good faith Google is producing information showing the customers and/or partners of the accused functionalities as outlined below.

Specifically, there are no "contract[s], license[s], or agreement[s]" governing the use of Google Identity passkeys. Google does not maintain a comprehensive list of all users of passkeys. Nevertheless, Google is producing a list of partners in North America known to Google as making passkeys available for sign-in.

Similarly, for Sign-in with Google ("SIWG"), other than the Terms of Service that Google has already produced, there are no "contract[s], license[s], or agreement[s]" for the use of SIWG APIs. To the extent "enabl[ing]" SIWG is a reference to using the SIWG APIs, Google is producing that information. Specifically, Google is producing its top 100 "projects" of the Google Sign-in and Google Identity Services APIs for both web and Android by usage. The data does not show the use of passkeys, which is not tracked.

7

For Google Pay, Google is producing lists showing financial institutions in the United States that have issuer agreements with Google for the use of tap-and- pay.

Proxense's alternative relief is facially overbroad, requesting: ***all*** "CRM database entries" for ***all*** "Texas customers." This runs afoul of this Court's prior venue decisions–it is where "'***the accused products were designed and developed***' by the accused infringer" that matters. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *13 (W.D. Tex. Oct. 4, 2022) (citation omitted). Google's good-faith production is not an admission that CRM database entries or "agreements with customers for use" of UPA are in any way relevant. Moreover, Proxense is simply wrong that Google could generate the requested information with a "single click."

Finally, *Greenthread* is inapposite. That Court held that the defendant's business ties to Texas were relevant because they related to design and development work. Google's witnesses will testify the accused functionalities are primarily developed outside WDTX.

**Relief Requested:** Proxense's relief should be denied.

### Order

The Court, having heard argument on October 24, 2023 and having considered both Proxense's and Google's positions on both issues, other papers and evidence submitted in support and opposition and the pertinent pleadings and files in this action, and Google's representation that it had produced the information sought by Proxense's first request, hereby DENIES Proxense's requests. IT IS THUS ORDERED that all requested relief from Proxense is DENIED.

Signed this 2nd day of November, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES JUDGE