IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PROXENSE, LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**GOOGLE LLC,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-23-CV-00320-ADA |

### ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

**I.   INTRODUCTION**

Before the Court is Defendant Google LLC's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a). ECF No. 32. Plaintiff Proxense LLC filed its opposition brief on November 13, 2023 (ECF No. 41) and Google replied in support of the Motion on November 27, 2023 (ECF No. 44). After carefully considering the parties' briefing, the relevant facts, and the applicable law, the Court **DENIES** the Motion.

**II.   BACKGROUND**

Proxense originally filed suit against Google on May 2, 2023. ECF No. 1. Proxense accuses Google of infringing U.S. Patent Nos. 8,352,730; 9,298,905; 8,886,954; 8,646,042; 9,679,289; and 10,073,960. *Id.* Proxense has previously filed suit in this Court in *Proxense, LLC v. Samsung Elecs. Co.*, No. 21-cv-00210-ADA (W.D. Tex.), which settled on the day of jury selection and involved the same technology at issue here.

Plaintiff Proxense is a Delaware company with its principal place of business at 689 NW Stonepine Drive, Bend, Oregon 97703. ECF No 1 at ¶2. Defendant Google is a Delaware corporation with a physical address at 500 West 2nd Street, Austin, Texas 78701. *Id.* at ¶ 3.

### III. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate

these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor clearly favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## IV. ANALYSIS

### A. Threshold Matters

The threshold determination in the § 1404(a) analysis is whether this case could first have been brought in the destination venue—the NDCA. The Court finds, and the parties do not dispute, that the threshold is met because Google has a regular and established place of business in the NDCA. 28 U.S.C. § 1400(b); *see* ECF No. 32 at 7; ECF No. 41.

### B. Private Interest Factors

#### i. *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter

is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

Google argues that this factor heavily favors transfer. The Motion relies on the declarations of Mr. Nik Bhattacharya, the software engineering manager for the FIDO passkeys engineering team, and Mr. Peter Gwinn, the technical lead manager for the Google Wallet Payments team. ECF Nos. 32-2, 32-1. Google uses these declarations to support the proposition that "substantially all of Google's employees with relevant knowledge of the Accused Functionalities that Google has identified to date are in NDCA." ECF No 32 at 8. Google points out that the teams involved in the accused functionalities of Google Pay, GIS, and FIDO passkeys are all based in the NDCA and only a few members of those teams reside outside of the NDCA. *Id.* Google also identifies the following relevant individuals who reside and work in the WDTX or Texas in general: Nik Bhattacharya (already described above), Court Morgan (lead user experience designer for Authentication, passkeys, and security for Google Core) Elliot Kramer (software engineer Google Wallet Transit engineering team). Google downplays Mr. Bhattacharya's importance by stating he

"only started at Google in March 2021 and did not write any of the software for any of the Accused Functionalities." ECF No. 32 at 9. Further, the parties identify Meha Megchiani, who lives in Chicago, and who would be most knowledgeable about Google's third-party partnership agreements related to FIDO passkey. ECF No. 41-3 at 76:7–78:12.

Proxense argues that Mr. Bhattacharya is highly likely to be a trial witness here because of his leadership role in the accused products, his previous designation by Google as a corporate witness, and his preparation on the issues surrounding UPA and Google Identity. ECF No. 41 at 10. Google's insistence that Mr. Bhattacharya does not have relevant or unique knowledge is rebutted by Mr. Bhattacharya's description of his role on his personal website. He describes himself as "lead[ing] the FIDO Passkeys engineering team at Google" to "rid the world of passwords and move to a biometrics based authentication on all websites and apps across the internet." ECF No. 41-8. These rebuttal facts lead the Court to discount Google's insistence that Mr. Bhattacharya's role is not a significantly related to the issues that will be resolved in this case. Similarly, Proxense highlights Court Morgan's relevance by pointing to her role as a keynote speaker at the 2023 "Authenticate" Conference, where she spoke about the accused products and technology at issue. Google' contends that Ms. Morgan's role is not relevant because of her user facing role at the company. ECF No. 44 at 10. Proxense disagrees, however, and represents that user experience with passwordless sign-on features is intimately tied into the heart of the technology at issue.

As for willing non-party witnesses, Proxense points to the named inventor of the named inventor on the 042, 289, and 960 Patents—David Brown. *Id. at* 12. Mr. Brown resides in Chattanooga, Tennessee and travel to the NDCA would take much longer than it would to this division. While it is not dispositive in the Court's determination, Mr. Brown has declared his

willingness to travel to trial depends on the shorter distance of travel to Waco rather than the NDCA. ECF No. 41-1 at ¶¶ 4–5. Google does not mention any nonparty willing witnesses in its motion. Instead, Google argues the attendance of the named inventor of patents-in-suit here, who has sworn that he would be willing to attend trial in Waco (but not in San Fransisco), is "at best speculative." ECF No 44 at 1, n.1.

Both parties disagree as to the relevance of the potential witnesses mentioned above and their likelihood of testifying at trial. Google asserts that there are "approximately ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ at Google who are *located in or near NDCA* and who have knowledge of the design, development and marketing of the technology at issue…." ECF No. 44 at 1 (emphasis in original). Yet the Court cannot assess the relevancy or likelihood of testifying of those individuals without more supporting facts, and the declarations provided by Mr. Bhattacharya and Mr. Gwinn are insufficient to show that the Google employees are even remotely likely to have necessary information for this case's resolution. ECF No. 31-1, 31-2. Recently, the Federal Circuit denied a Mandamus petition because this Court "plausibly concluded that [the movant] failed to establish that the willing witness factor favored transfer. [The Movant's] transfer motion broadly asserted that relevant [] employees are located in California and Washington state, and the majority of its teams are located on the West Coast." *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786 (Fed. Cir. Oct. 30, 2023). In that case, this Court was presented with 15 specific employees working on the relevant teams who resided on the west coast. *Id.* Similar to this case, the non-movant pointed to "potential witnesses who would find the WDTX more convenient, a group including several [] employees in Austin with relevant knowledge of product design, operations, finances, and marketing." *Id*. at 2.  This factor does not boil down to raw numbers of employees and their location, and the convenience of this case would be altered only if those employees are shown to

have unique such that they are indispensable or highly likely to testify in the case. Thus, the Court gives little weight to the "███████" Google points to as they have presented no showing those employees will participate in any testimony at trial. Rather, Google has shown that Mr. Bhattacharya, an Austin resident, will be the most important witness because of his knowledge of the accused functionalities, and his direction of their implementation at Google.

In sum, the parties have identified with particularity four party witnesses who would find Waco to be more convenient under the 5th Circuit's 100-mile rule and are likely to testify at trial.[1] Proxense also identified one non-party witness—the named inventor of some of the patents-in-suit—for whom Waco would be more convenient. The high relevance and amount of the witnesses who would find Waco more convenient weighed against the existence of various teams in the NDCA leads the court to find this factor neutral.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and

---

[1] Those witnesses are: Nik Bhattacharya, Court Morgan, Elliot Kramer, and Meha Megchiani.

considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). But the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Google asserts this factor is neutral. ECF No. 32. At 12. Proxense asserts this factor "does not weigh in favor of transfer." ECF No. 41 at 13. Proxense asserts that there may be witnesses within this Court's subpoena power who have information about third parties who contract with Google for use of the accuses products, but Proxense fails to specifically provide any specific information on those individuals. *Id*. Without further information, the Court must conclude this factor is neutral. *See 10Tales, Inc. v. TikTok, Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *3 (W.D. Tex. May 21, 2021).

### iii. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

Google argues this factor favors transfer because "many of the relevant sources of proof are created and maintained in NDCA and therefore are more easily accessed from NDCA than WDTX." ECF No. 32 at 11. Proxense argues this factor disfavors transfer. ECF No 41 at 13. Proxense persuasively undermines Google's assertion that relevant documents are more easily accessible in the NDCA by pointing to Mr. Bhattacharya's deposition testimony. Mr. Bhattacharya

stated that ███████████████████████████████████████████████ ECF No. 41-3 at 72:3–8. The Fifth Circuit held in *In Re Planned Parenthood* that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The only physical evidence the Court has been made aware of are ████████ that are in the San Fransico Bay Area. ECF No. 32 at 11. The briefing demonstrates that the parties' dispute the relevance or need for inspecting ████████, and the Court is left with little to understand if ████████ will play a role in this case. Still, where "the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum," the Court must find this factor neutral.

> ### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the "practical problems that make trial of a case easy, expeditious and inexpensive" factor, courts analyze whether transfer would serve the interest of judicial economy. *Affinity Labs of Tex., LLC v. Samsung Elecs. Co*, No. 6:13-CV-364, 2014 WL 12570501, at *7 (W.D. Tex. June 11, 2014); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Proxense argues that this factor weighs heavily against transfer because there is co-pending litigation involving the same patents and that this Court has already considered the patents in a prior action. ECF No. 41 at 4–8; *see Proxense, LLC v. Samsung Elecs. Co. Ltd.*, No. 21-cv-00210-ADA (W.D. Tex.) ("*Proxense-Samsung*"). Google argues these considerations do not warrant denying transfer because the other factors weigh towards transfer. ECF No. 44 at 4–5 ("And, in any event, considerations of judicial economy do not outweigh the convenience-of-witnesses factor.")

Google is correct to note that the co-pendency of another action in this Court involving the same patents should not "automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits." *In re Google Inc.*, 2017 WL

977038, at *2 (Fed. Cir. Feb. 23, 2017). The Court thus clarifies that the co-pending case against Microsoft does not determine its final analysis for this factor.

However, in the prior *Proxense-Samsung* case, this Court spent significant resources in bringing that case to the eve of trial. For example, the Court conducted claim construction on 12 claims on two of the patents-in-suit here and considered multiple summary judgment motions, *Daubert* motions, and motions *in limine* in the prior *Proxense-Samsung* litigation. Google argues that this effort will not assist the Court's expeditious resolution of this case, but the Court disagrees. Accordingly, the Court finds that its prior knowledge of the patents-in-suit and the time, effort, resources devoted to the earlier case will likely reduce costs and judicial resources. Thus, this factor weighs against transfer.

### C. Public Interest Factors

#### i. *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id*. The Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

Neither party briefed whether Proxense is engaged in product competition in the marketplace. The briefing does not discuss any witnesses or sources of proof related to a product from Proxense.

Plaintiff still notes that the NDCA has a longer median time to trial. ECF No. 41 at 15. Defendants argue that "the parties' agreement to litigate this case efficiently using discovery developed in the first case, the faster time-to-trial in this Court does not weigh against transfer." ECF No. 32 at 18. Defendant argues that because "'neither discovery nor a *Markman* hearing have occurred in this case,' 'transfer at this stage of litigation would not likely create any meaningful delays.'" ECF No. 32 at 15 (quoting *10Tales*, 2021 WL 2043978, at *5). Since neither party has briefed the Court as to competition in the marketplace, the Court feels bound under *In re Google* to find this factor neutral. 58 F.4th at 1383.

## ii. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id*. Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has

the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id*. at 1319.

Google argues the NDCA has a strong local interest in this case because the accused functionalities are mainly designed and developed there, and the teams associated with their implementation are predominantly in the NDCA. ECF No. 32 at 14. Proxense argues this district has a greater interest because many events giving rise to this suit occurred here. Proxense points to Mr. Bhattacharya's deposition where he testified that there "was no such term as passkey" until he started at Google, and that Google's implementation and design of the accused functionalities was directed from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 41 at 14; ECF No. 41-3 at 63:4–14, 64:3–11. Proxense also argues that Google's relationships with its customers including banks and other companies in this district are the events forming the basis for infringement. *Id.* at 15.

The Court finds this factor is neutral. The Court gathers, from evidence and declarations cited by the parties, much of the direction and leadership in design and implementation occurred in this district at the behest of Mr. Bhattacharya but most of his instructions were carried out in the NDCA. The Court is mindful that many third-party customers of the accused functionalities may operate in this district, but it has not been presented with evidence to find those relationships rise to the level of significant connections giving rise to this action. *In re Apple*, 979 F.3d at 1344.

### iii. *Familiarity of the Forum with the Law That Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Google contends the remaining factors are neutral. ECF No. 32 at 15. Proxense contends these factors slightly disfavor transfer because of a choice-of-law provision in Proxense's Settlement and License agreement with Samsung from the resolution of the prior litigation. However, the Court finds that any interest in administering and interpreting that agreement in this

forum rather than the NDCA is so speculative as to render it unimportant in this decision. Thus, the Court agrees with Google and finds the remaining factors neutral.

## V.   CONCLUSION

The Court finds that one private interest factor—practical problems that make trial of a case easy, expeditious, and inexpensive—weighs against transfer because of this Court's experience and effort expended in the same patents here. The remaining private interest factors are found to be neutral. The Court also finds that each of the public interest factors are neutral. Thus, the Court finds that Google has failed to establish that the NDCA would be a clearly more convenient forum to resolve the issues here. Google's Motion to Transfer Venue is therefore **DENIED.**

SIGNED this 23rd day of January, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE