NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In Re GOOGLE LLC,**
*Petitioner*

_____

2024-117

_____

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:23-cv-00320-ADA, Judge Alan D. Albright.

_____

**ON PETITION**

_____

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

Google LLC petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its order denying transfer and transfer to the United States District Court for the Northern District of California. We deny the petition.

Proxense, LLC filed suit in the Western District of Texas against Google alleging infringement of six patents related to using biometrics and personal digital keys as passwords. Google moved, pursuant to 28 U.S.C. § 1404(a),

IN RE GOOGLE LLC

to transfer the case to the Northern District of California, arguing that its employees knowledgeable about the accused products primarily work in that district and that the majority of relevant documents concerning the products were created and maintained in the Northern District of California.

In its response, Proxense argued that the Western District of Texas would be convenient for potential witnesses and that judicial economy favored denying the motion. Proxense noted that the trial judge spent substantial time with prior litigation involving two of the asserted patents, including having conducted claim construction and resolved summary judgment motions before the case settled on the eve of trial. Appx010. *See Proxense, LLC v. Samsung Elecs. Co.*, No. 21-cv-00210-ADA (W.D. Tex.). Proxense further noted that it filed a co-pending suit in the Western District of Texas alleging infringement of the same six patents.

After analyzing the transfer factors, the district court denied the motion, determining Google failed to carry its burden to show that the Northern District of California was clearly more convenient. The court noted the presence of potential Google employee witnesses in the Western District of Texas, including a software engineering manager who described himself as leading the engineering team for one of the accused products. Appx005. It further found that the court's "prior knowledge of the patents-in-suit and the time, effort, resources devoted to the earlier case will likely reduce costs and judicial resources." Appx010.

Mandamus is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). We review denials of transfer on mandamus under the relevant regional circuit's law, here the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). We ask only whether the decision was

such a "clear abuse of discretion" that it produced a "patently erroneous result." *Id.* (citation and internal quotation marks omitted). Under that standard, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 n.7 (5th Cir. 2008) (en banc). Google fails to make that showing.

Judicial economy can serve important ends in a transfer analysis. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Here, the district court reasonably found that judicial economy considerations disfavor transfer in light of the trial court's familiarity with the patents and technology from its substantial involvement with prior litigation. The district court examined the evidence of all other factors for what it showed about the comparative assessment of the two forums at issue, and it found that Google had not shown transfer to be favored on any factor. In this analysis, the court specifically found, among other things, that potential witnesses reside in the Western District of Texas, including a Google employee that the court found to be "the most important witness because of his knowledge of the accused functionalities," Appx007; that there is a local interest in that district because "much of the direction and leadership in design and implementation occurred" there, Appx012; that likely relevant sources of proof are accessible from both districts; and that no third-party potential witness had been shown to reside in the California forum. Google has not established any clear basis to disturb those findings, which plausibly support denying transfer under the circumstances of this case.

Accordingly,

4                                                IN RE GOOGLE LLC

IT IS ORDERED THAT:

The petition is denied.

                                                FOR THE COURT

                                                Jarrett B. Perlow
                                                Clerk of Court

April 4, 2024
Date