# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

PROXENSE, LLC,

      Plaintiff,

      v.

GOOGLE LLC,

      Defendant.

Civil Action No. 6:23-cv-320

JURY TRIAL REQUESTED

## STIPULATED ESI ORDER

**1.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Court's Standing Order(s), and any other applicable orders and rules. This Order does not modify the Court's Standing Order Governing Proceedings - Patent Case, Section III provision on ESI.

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order Governing Patent Cases.

**3.    PROPORTIONALITY**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1)[1]. This includes identifying appropriate limits to discovery, including limits on custodians (if applicable), identification of relevant subject matter, time periods for discovery and other parameters to limit

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

and guide preservation and discovery issues.

**4.      PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)      Only potentially relevant ESI currently existing, and created or received after May 2, 2017 will be preserved to the extent that this data was preserved as of the filing of the complaint in this matter on May 2, 2023.  To the extent a party learns during the course of its investigation of relevant, reasonably accessible ESI that predates May 2, 2017, such ESI shall be preserved.

b)      These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

1.      backup systems and/or tapes used for disaster recovery; and
2.      systems no longer in use that cannot be accessed.

c)      Among the sources of data the parties agree are not reasonably accessible or not proportional to the needs of the case, the parties agree not to preserve, search, review, or produce the following:

1.      voice messages
2.      information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;
3.      instant messaging and chat application data;
3.      automatically saved versions of documents and emails;
4.      video and audio recordings;
5.      deleted, slack, corrupted, or other data accessible only by forensics provided that the data was not deleted from a more direct source despite

a parties' duty to preserve that data for this litigation;

6.   systems, server and network logs;

7.   random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

8.   on-line access data such as temporary internet files, history, cache, cookies, and the like;

9.   dynamic fields of databases or log files that are not retained in the usual course of business; and

10.   data in metadata fields that are frequently updated automatically, such as last opened dates.

11. ESI solely because that ESI is hyperlinked from otherwise preserved ESI.

## 5.    PRODUCTION FORMATS

The parties agree to produce documents in TIFF or PDF file format with one or more of the industry standard load files containing metadata. However, for excel (or other database) documents, the parties agree to produce the document in its native format wherein the filename is the file's bates number and a slip sheet accompanies the document with a bates number and the words "PRODUCED IN NATIVE FORMAT."   If other particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 6.    DOCUMENTS PROTECTED FROM DISCOVERY

a)    Privileged activities undertaken in compliance with the duty to preserve information are protected from discovery.

b)    Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

c)    Nothing in this Agreement shall be construed or interpreted as precluding a producing party from performing review and analysis to determine if a document is in fact relevant to the requesting party's request or is privileged or otherwise protected. Further, any document that is in good faith reasonably deemed not relevant to the requesting party's request, or is privileged or otherwise protected, may be withheld.

**7.    PRIVILEGE LOG**

a)    If a party reasonably determines that one or more responsive documents are not discoverable because it is subject to the attorney-client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the party shall use reasonable efforts to produce a log for each document or each category of documents withheld for privilege from that production.

b)    Communications solely between the parties in this litigation and their respective litigation counsel, or experts retained for the purpose of this litigation that post-date the filing of the first-filed complaint in this Action, need not be placed on a privilege log. However, nothing in this protocol requires Proxense to review and log communications with its own counsel that occurred in connection with its litigation with Samsung.

**8.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.